UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
FABIAN MONGE-CAMPOS,

                Petitioner,

      -against-

BONDI et al.,

                Respondents.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
26-CV-1056 (OEM)

ORELIA E. MERCHANT, United States District Judge:

Petitioner Fabian Monge-Campos ("Petitioner") seeks a writ of habeas corpus for immediate release pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his ongoing detention by U.S. Immigration and Customs Enforcement ("ICE") as a violation of due process under the U.S. Constitution. *See* Petition for Writ of Habeas Corpus, Dkt. 1 (the "Petition" or "Pet."). Petitioner was arrested by ICE on January 28, 2026, and he is currently detained at the Metropolitan Detention Center in Brooklyn, New York ("MDC Brooklyn").

For the following reasons, the Petition is granted.

## BACKGROUND

Petitioner, a native and citizen of Mexico, first attempted to enter the United States in August 2002. Pet. ¶ 1; Declaration of Supervisory Detention and Deportation Officer Timothy Nevin ¶ 4, Dkt. 5-1 ("Nevin Decl."). He voluntarily returned to Mexico on August 6, 2002. Nevin Decl. ¶ 4. Petitioner re-entered the United States at an unknown location sometime later in 2002 and has remained in the United States since. *Id.* ¶ 5; Pet. ¶ 1.

On January 28, 2026, ICE officers encountered Petitioner during a traffic stop while targeting another individual. Nevin Decl. ¶ 7. During this stop, Petitioner admitted that he entered the United States illegally. *Id.* After conducting a records check and discovering that Petitioner

was arrested for driving while intoxicated in violation of New York law on January 3, 2026, ICE officers arrested Petitioner pursuant to a Form 1-200, Warrant for Arrest of Alien. *Id.* ¶¶ 8-9. The officers also served Petitioner with a Form I-862, Notice to Appear, marking the initiation of removal proceedings against him. *Id.* ¶ 10.

On February 3, 2026, Petitioner was transferred to the MDC Brooklyn, where he has remained since. *Id.* ¶ 13.

## DISCUSSION

The instant Petition raises two principal issues: (1) whether Petitioner is detained under 8 U.S.C. § 1226 ("§ 1226") or 8 U.S.C. § 1225 ("§ 1225"); and (2) whether Petitioner's due process rights have been violated.

### A. Statutory Basis for Petitioner's Detention

The Court is bound by a long line of U.S. Supreme Court precedent. *See Leng May Ma v. Barber*, 357 U.S. 185, 187 (1958) ("[O]ur immigration laws have long made a distinction between those aliens who have come to our shores seeking admission . . . and those who are within the United States after an entry, irrespective of its legality."); *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("The distinction between an alien who has effected an entry into the United States and one who has never entered runs throughout immigration law."); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (stating that § 1225(b) governs "aliens seeking admission into the country," whereas § 1226(a) governs "aliens already in the country" who are subject to removal proceedings). Thus, the Court's position on whether § 1226 or § 1225 applies in scenarios where a petitioner is detained after entering the country has not changed since deciding other 28 U.S.C. § 2241 immigration cases recently. *See, e.g.*, *J.U. v. Maldonado*, 805 F. Supp. 3d 482 (E.D.N.Y. 2025); *Artiga v. Genalo*, 25-CV-5208 (OEM), 2025 WL 2829434 (E.D.N.Y. Oct. 5, 2025); *Lira Caceres v.*

*Shanahan*, 26-CV-00016 (OEM), 2026 WL 233215 (E.D.N.Y. Jan. 28, 2026); *Singh v. Maldonado*, 26-CV-00019 (OEM), 2026 WL 233216 (E.D.N.Y. Jan. 29, 2026); *Sanchez Atz v. Noem*, 26-CV-00214 (OEM), 2026 WL 320238 (E.D.N.Y. Feb. 6, 2026); *Peralta Acuapan v. Bondi*, 26-CV-00384 (OEM), 2026 WL 507889 (E.D.N.Y. Feb. 24, 2026).

The Court is not persuaded by the authorities provided by Respondents, and there are no distinguishing facts as to Petitioner in this case. Therefore, this Court joins the majority of courts in finding that detention of the nature at issue here cannot be upheld under § 1225. *See Barco Mercado v. Francis*, 25-cv-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (collecting cases). Mandatory detention under § 1225 is inapplicable to Petitioner, and he is subject to discretionary detention under § 1226. *See J.U.*, 805 F. Supp. 3d, at 490 (noting the mutual exclusivity of § 1225 and § 1226).

**B. Due Process**

The Court now turns to whether ICE's detention of Petitioner violates his due process rights. The *Mathews* test governs this inquiry. *See Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020) (applying the three-factor balancing test outlined in *Mathews v. Eldridge*, 424 U.S. 319 (1976) to determine the adequacy of process in the context of civil immigration confinement). The determination of what procedures are required under the Fifth Amendment requires consideration of: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

With respect to the first prong of the *Mathews test*, Petitioner invokes "the most significant liberty interest there is—the interest in being free from imprisonment." *Velasco Lopez*, 978 F.3d at 851 (citing *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004)).

With respect to the second prong of the *Mathews* test, the record demonstrates that no individualized determination was made prior to or contemporaneously with the decision to detain him on January 28, 2026. Respondents present no articulable facts as to why Petitioner is dangerous or a flight risk. While Respondents note Petitioner's driving while intoxicated arrest on January 3, 2026, there is no indication that ICE made an individualized determination as to Petitioner based on that information. *See* Nevin Decl. ¶¶ 7-9. Therefore, ICE did not engage in the required deliberative process during the initial decision to strip Petitioner of his liberty interest, and the risk of erroneous deprivation of that interest is high. *See Chipantiza-Sisalema v. Francis*, 25 Civ. 5528 (AT), 2025 WL 1927931, at *3 (S.D.N.Y. July 13, 2025) (stating that ICE must engage in a deliberative process prior to or contemporaneous with "the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause"); *Lopez v. Sessions*, 18 Civ. 4189 (RWS), 2018 WL 2932726, at *11 (S.D.N.Y. June 12, 2018) (finding a risk of erroneous deprivation where the petitioner was re-detained absent a change in circumstances, procedure, or evidentiary findings).

As to the third and final *Mathews* prong, "the Attorney General's discretion to detain individuals under 8 U.S.C. § 1226(a) is valid where it advances a legitimate governmental purpose," such as "ensuring the appearance of aliens at future immigration proceedings" and "preventing danger to the community." *Valdez v. Joyce*, 803 F. Supp. 3d 213, 218 (S.D.N.Y. 2025) (first quoting *Velasco Lopez*, 978 F.3d at 854; then quoting *Zadvydas*, 533 U.S. at 690). Here, there is nothing in the record to suggest that Petitioner is a flight risk. There is also nothing in the

record to suggest that Petitioner is a danger to the community beyond his January 3, 2026, arrest for driving while intoxicated, which has yet to result in a conviction. Nevin Decl. ¶ 8. The record indicates that Petitioner has otherwise lived in the United States for over 20 years without incident. *See* Pet. ¶ 1. Respondents have therefore failed to show a significant interest in his continued detention.

Taken together, Petitioner's ongoing detention violates his due process rights. *See Valdez*, 803 F. Supp. 3d at 219; *Lopez*, 2018 WL 2932726, at *15. Given the deprivation of Petitioner's liberty, the absence of any deliberative process prior to or contemporaneous with the deprivation, and the statutory and constitutional rights implicated, a writ of habeas corpus is the only form of relief and the most appropriate remedy. *Valdez*, 803 F. Supp. 3d at 219; *Lopez*, 2018 WL 2932726, at *15.

## CONCLUSION

For the foregoing reasons, the Petition is granted. Respondents are ordered to immediately release Petitioner from custody. By March 5, 2026, Respondents shall certify compliance with this order by filing on the docket and noting specifically that Petitioner has been released.

The Clerk of Court is respectfully directed to enter judgment in accordance with this order and close this case.

SO ORDERED.

                                                     /s/
                                       ORELIA E. MERCHANT
                                       United States District Judge

March 4, 2026
Brooklyn, New York